Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| LEONCIO ALONSO GONZÁLEZ<br><br>Parte Recurrida<br><br>v.<br><br>LIZMAYRA EPSTEINS MORALES, POR SÍ Y EN REPRESENTACIÓN DE LA MENOR KRFE, KENNETTE FLORES RUPIZA<br><br>Parte Peticionaria | KLCE202500133 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.:<br>MZ2024RF00203<br><br>Sobre:<br>Impugnación de Filiación |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Rodríguez Flores, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de febrero de 2025.

Comparece el señor Kennette Flores Rupiza (en adelante Sr. Flores Rupiza) mediante recurso de *certiorari* instado el 7 de febrero de 2025. Solicita que revoquemos la *Resolución* emitida el 7 de enero de 2025, y notificada el 8 de enero de 2025, por el Tribunal de Primera Instancia (en adelante, TPI), Sala Superior de Mayagüez. Mediante el referido dictamen, el TPI denegó la moción de desestimación de la demanda presentada por el Sr. Flores Rupiza y le concedió término para presentar alegación responsiva.

Con el beneficio del *Memorando en oposición a expedición de certiorari* de la parte recurrida, señor Leoncio Alonso González (en adelante, Sr. Alonso González), y tras un estudio detenido del expediente de autos, denegamos la expedición del auto de *certiorari*.

### I.

El 10 de abril de 2024, el Sr. Alonso González presentó una acción sobre impugnación de paternidad y determinación de filiación en contra de la señora Lizmayra Epsteins Morales (en

Número Identificador
RES2025_____

adelante, Sra. Epsteins Morales), por sí y en representación de la menor KRFE (nacida el 27 de mayo de 2017), y el Sr. Flores Rupiza, padre registral de la menor.  En la demanda, el Sr. Alonso González alegó que, el 20 de abril de 2023, se encontró a la Sra. Epsteins Morales acompañada de la menor y se percató que la niña tenía un distintivo físico igual a él y sus otros hijos.  Según aseveró, la edad de la menor coincidía con la fecha en que éste tuvo un encuentro sexual con la Sra. Epsteins Morales.  Adujo que, de manera extrajudicial, se realizaron una prueba de ADN que arrojó que existía un 99.9% de probabilidad que la menor fuera su hija.  Por lo anterior, el Sr. Alonso González solicitó al tribunal que atemperara la realidad jurídica a la biológica, estableciendo que él es el padre de la menor.

Mediante orden dictada el 28 de agosto de 2024, el TPI designó a la Lcda. Brenda M. Fernández Santiago como defensora judicial de la menor (en adelante, Defensora Judicial).

En lo pertinente al asunto objeto de este recurso, el 28 de septiembre de 2024 el Sr. Flores Rupiza presentó una *Moción solicitando desestimación* de la demanda, fundamentada en las doctrinas de caducidad y cosa juzgada.  En primer lugar, expuso que el Sr. Alonso González había presentado la demanda de impugnación de paternidad vencido el término de caducidad de un (1) año dispuesto en el Artículo 575 del *Código Civil de Puerto Rico* (en adelante, Código Civil)*,* Ley Núm. 55-2020, 31 LPRA sec. 7129.  Dicho artículo establece que el plazo para impugnar la paternidad comienza a computarse desde que el impugnador tiene indicios o conoce hechos que crean una duda verdadera sobre la inexactitud de la filiación.  En su moción, el Sr. Flores Rupiza consideró como punto de partida para computar el año el momento en que el Sr. Alonso González sostuvo el encuentro sexual con la Sra. Epsteins Morales y engendraron a la menor.  Por ello, Sr. Flores

Rupiza razonó que la acción de impugnación de paternidad presentada el 10 de abril de 2024 por el Sr. Alonso González se presentó cuando el término para ejercer su derecho había caducado.[1]

El argumento adicional para su solicitud de desestimación se fundamentó en la doctrina de cosa juzgada, en su modalidad de impedimento colateral por sentencia. El Sr. Flores Rupiza manifestó que la filiación paterna de la menor había quedado establecida mediante sentencia emitida por el TPI el 24 de enero de 2020, en el caso *Kennette Flores Rupiza v. Lizmayra Epsteins Morales*, civil núm. ISRF201900676, en donde se decretó que la menor KRFE es hija del Sr. Flores Rupiza. Éste indicó que dicha sentencia era una final y firme que creó una presunción de paternidad a su favor.

No obstante, según relató el Sr. Flores Rupiza, el 2 de junio de 2023, la Sra. Epsteins Morales inició el pleito *Lizmayra Epsteins Morales v. Kennette Flores Rupiza y Leoncio Alonso González,* MZ2023RF00356, para impugnar la paternidad establecida mediante sentencia y establecer la filiación de la menor con el Sr. Alonso González. En dicho proceso judicial, y ante una moción de desestimación de la demanda fundamentada en la doctrina de caducidad, la defensora judicial designada para ese caso (Lcda. Ana I. Ruiz López) argumentó que, siendo realmente la menor por conducto de su madre quien había presentado la acción de impugnación de paternidad, era aplicable el plazo extendido para el hijo establecido en el Artículo 576 del Código Civil, 31 LPRA sec. 7130, que le permite impugnar la paternidad durante toda la vida del progenitor presunto y hasta un (1) año después de su muerte. En la alternativa, la Lcda. Ruiz López arguyó que, de interpretarse que la acción había sido presentada exclusivamente

---

[1] Apéndice del recurso, págs. 26-37.

por la madre de la menor, habría que aplicar el Artículo 575 del Código Civil, *supra*. Por ello, analizó que, en vista de que había sido en abril de 2023 cuando surgió la duda de la inexactitud de la filiación, y la demanda había sido presentada el 2 de junio de 2023, la menor y/o su madre en su representación habían ejercido oportunamente su derecho a impugnar la filiación paterna de la menor.

El Sr. Flores Rupiza narró que, en dicho caso MZ2023RF00356, el TPI acogió el planteamiento de la Lcda. Ruiz López y denegó la solicitud de desestimación mediante una orden emitida el 20 de diciembre de 2023. Sin embargo, en el recurso de *certiorari* KLCE202400108, otro panel de este Tribunal de Apelaciones dictó sentencia el 19 de marzo de 2024, y revocó la orden del TPI, desestimando por caducidad la demanda de impugnación de paternidad incoada por la Sra. Epsteins Morales. En su dictamen, el Tribunal de Apelaciones aplicó las disposiciones del Artículo 117 del Código Civil de 1930, basado en que los hechos que dieron pie a la reclamación habían ocurrido durante la vigencia del referido código derogado. De tal forma, resolvió que la acción incoada el 2 de junio de 2023 por la Sra. Epsteins Morales para impugnar la paternidad establecida el 24 de enero de 2020 (en el caso ISRF201900676) se había ejercitado vencido el término fatal de seis (6) meses desde la fecha en que la impugnadora había advenido en conocimiento de la inexactitud de la filiación.[2]

Entonces, en vista de lo resuelto en el KLCE202400108, el Sr. Flores Rupiza razonó en la moción de desestimación del presente caso que, toda vez que el Sr. Alonso González había sido parte de ese pleito, sus derechos quedaron adjudicados, razón por la cual,

---

[2] En la sentencia, el tribunal apelativo intermedio reconoció que lo resuelto no impedía que la menor instara una acción de impugnación de paternidad y filiación una vez ésta alcance la mayoría de edad. *Íd.,* págs. 38-51.

procedía que se desestimara la acción instada por éste al amparo de la doctrina de cosa juzgada, en su modalidad de impedimento colateral por sentencia.[3]

El 17 de octubre de 2024, la Defensora Judicial presentó su oposición a la solicitud de desestimación del Sr. Flores Rupiza. En ella, esbozó que, habiéndose conocido la inexactitud de la filiación el 20 de abril de 2023, y presentado la demanda el 10 de abril de 2024, la menor y/o su madre en su representación habían ejercido oportunamente su derecho a impugnar la filiación paterna de la menor. Ello indistintamente la aplicación del término fatal de un (1) año dispuesto en el Artículo 575, que dispone que el plazo para impugnar la paternidad caduca al año desde que se conoce la inexactitud de la filiación, o el plazo extendido para el hijo quien, a tenor con lo establecido en Artículo 576 del Código Civil, puede impugnar la paternidad durante toda la vida del progenitor presunto o hasta un (1) año después de su muerte.[4]

En otro extremo, la Defensora Judicial explicó que, en todo caso, y a tenor con lo resuelto en el caso MZ2023RF00356, las defensas de cosa juzgada y caducidad eran únicamente aplicables a la Sra. Epsteins Morales.[5]

El Sr. Leoncio Alonso y la Sra. Epsteins Morales, respectivamente, también se opusieron a la solicitud de desestimación incoada por el Sr. Flores Rupiza. Fundamentaron sus correspondientes escritos básicamente en los argumentos expuestos por la Defensora Judicial.[6]

Celebrada una vista argumentativa[7], el 8 de enero de 2025, el TPI notificó la *Resolución* objeto del presente recurso. En su fundamentado dictamen, el foro primario expresó:

> Evaluada cada una de las mociones, sus fundamentos, las argumentaciones en la vista del 6 de noviembre

---

[3] Apéndice del recurso, págs. 26-37.
[4] *Íd.*, págs. 57-72.
[5] *Íd.*
[6] *Íd.,* págs. 74-80.
[7] Véase, *Minuta* de la vista del 6 de noviembre de 2024. *Íd.*, págs. 86-88.

de 2024, así como los casos que el tribunal ha tomado conocimiento judicial [IRSF201900676, MZ2023RF00356 y KLCE202400108], nos persuaden los argumentos esgrimidos por la parte demandante Alonso González, la codemandada Epstein[s] Morales y la defensora judicial que representa los intereses de la menor KRFE, cuando alegan que no existe caducidad, cosa juzgada e impedimento colateral por sentencia en el presente caso.

El Tribunal entiende plausible de las alegaciones de la demanda del señor Alonso González, así como de las argumentaciones levantadas contra la desestimación incoada por el codemandado Flores Rupiza, que la Sentencia del Tribunal de Apelaciones, caso número KLCE202400108, la Curia aplica la doctrina de la caducidad del Artículo 117 del Código Civil de PR 1930, en contra de los intereses de impugnación de la parte recurrida, entiéndase de la Sra. Lizmayra Epsteins, haciendo énfasis en el historial procesal del caso civil núm. IRSF201900676 y la Sentencia emitida por la Honorable Jueza Soraya Méndez Polanco, en el mismo.

Es preciso tomar conocimiento, que la Curia Apelativa utiliza como fundamento irrefutable, que hubo un reconocimiento voluntario permitido por la Sra. Epsteins Morales en dicho caso. Esto permitió, a su vez, al Tribunal de Apelaciones concluir que la **inexactitud en la filiación** que inició el término fatal de seis (6) meses, según establecido en el Artículo 117 del Código Civil de 1930, fue desde el momento en que la Sra. Epsteins Morales sostuvo una relación consensual con el codemandado Flores Rupiza y el ahora demandante Alonso González, cercano al periodo en el cual la menor K.R.F.E. fue concebida y no así durante los hechos alegados en abril de 2023.

En el caso antes mencionado, el ahora demandante, era uno de los demandados que había comparecido por derecho propio, aceptando las alegaciones de la demanda de impugnación incoada por la codemandada Epsteins Morales, luego de que la Jueza Marta Marchanty Justiniano ordenara levantar la anotación de rebeldía en el caso civil núm. MZ2023RF00356. (*entradas 24, 25 y 27 del expediente electrónico*).

En la sentencia emitida por el Honorable Tribunal de Apelaciones, nada dispuso la Curia a favor, ni en contra del Sr. Alonso González, cuando ordenó la desestimación del caso ante sí.

Teniendo este Tribunal que dar por ciertas las alegaciones de la demanda del señor Alonso González, entendemos plausible la concesión de un remedio en su favor, al amparo del Artículo 575 del Código Civil de 2020 vigente, que dispone que "*la acción para impugnar la paternidad o la maternidad caduca al año desde que el impugnador tiene indicios o conoce hechos que crean una duda verdadera sobre la inexactitud de la filiación.*"

De igual manera, lo expuesto en las alegaciones de la demanda, hacen plausible la posibilidad de controvertir la presunción de paternidad que fue producto del reconocimiento voluntario, suplicando la realización de una prueba de ADN (*Artículo 566 del Código Civil de 2020*), y dependiendo de su resultado, utilizarlo como prueba en contrario a la presunción de paternidad mediante un reconocimiento voluntario de la parte. *Artículo 567 del Código Civil de 2020*.

Por otro lado, e igualmente importante, el Tribunal toma conocimiento, que la defensora judicial designada para velar por los intereses y derechos de la menor KRFE, ha planteado en su favor, su interés inequívoco de conocer su verdadera filiación, en otras palabras, saber quién es su verdadero padre. Dejándolo así consignado en su moción, invocando los remedios bajo el Art. 576.1 (sic) del Código Civil de 2020, que dispone que un hijo (a) puede impugnar la paternidad o maternidad durante toda la vida del progenitor presunto o hasta un (1) año después de su muerte, en cuyo caso debe dirigir la acción contra los herederos.

Por lo antes expuesto, este Tribunal declara **NO HA LUGAR** la moción solicitando desestimación de la demanda de impugnación de paternidad presentada por el codemandado Flores Rupiza y habiéndose levantado la anotación de rebeldía emitida en su contra el 12 de septiembre de 2024, se le conceden **veinte (20) días finales** para presentar su alegación responsiva a la demanda incoada en su contra, de así entenderlo. (Negrillas y cursivas en el original).[8]

Inconforme con la anterior determinación, el 7 de febrero de 2025, el Sr. Flores Rupiza instó el presente recurso de *certiorari* y apuntó los siguientes señalamientos:

Erró el Tribunal de Primera Instancia al declarar NO HA LUGAR de plano nuestra solicitud de desestimación por caducidad.

Erró el Tribunal de Primera Instancia al declarar NO HA LUGAR de plano nuestra solicitud de desestimación presentada, habiendo el demandante sido parte en el caso MZ2023RF00356, en el cual nunca presentó una reconvención o demanda contra tercero impugnando la filiación de la menor K.R.F.E.

Por su parte, en su *Memorando en oposición a expedición de certiorari,* presentado el 18 de febrero de 2025, el Sr. Alonso González, esencialmente reprodujo los planteamientos esbozados

---

[8] Véase, *Resolución,* Apéndice del recurso, págs. 89-93.

ante el foro recurrido y, a su vez, adujo que no está presente ninguno de los criterios en los cuales procedería expedir el auto de *certiorari.*

## II.

### A.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[9]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.[10]  Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia.  Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari,* el Tribunal de Apelaciones no tiene que fundamentar su decisión.  *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de

---

[9] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[10] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.*, 202 DPR 478, 486 (2019).

conformidad con la Regla 52.1, *supra,* para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra,* enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari,* mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[11]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[12] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de

---

[11] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).
[12] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

**B.**

Las *alegaciones* son "los escritos mediante los cuales las partes presentan los hechos en que apoyan o niegan sus reclamaciones o defensas".[13]  Su propósito es "notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes".[14]  Por tanto, cualquier alegación mediante la cual una parte solicite un remedio – por ejemplo, una demanda – incluirá una relación sucinta y sencilla de los hechos que demuestran que procede el remedio solicitado y la solicitud del remedio que se alega debe concederse.[15]

Por su parte, la Regla 10.2 de Procedimiento Civil[16], permite que un demandado en una demanda, reconvención, demanda contra coparte, o demanda contra tercero, solicite al tribunal la desestimación de las alegaciones en su contra.  La mencionada regla establece lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
>      (1) falta de jurisdicción sobre la materia;
>      (2) falta de jurisdicción sobre la persona;
>      (3) insuficiencia del emplazamiento;
>      (4) insuficiencia del diligenciamiento del emplazamiento;
>      **(5) dejar de exponer una reclamación que justifique la concesión de un remedio;**
>      (6) dejar de acumular una parte indispensable.[17]

A los fines de disponer de una moción de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la

---

[13] *Conde Cruz v. Resto Rodríguez et al.,* 205 DPR 1043, 1061 (2020), citando a R. Hernández Colón, *Derecho Procesal Civil,* 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2202, pág. 279.
[14] *Íd.,* pág. 1062.
[15] Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1.
[16] 32 LPRA Ap. V, R. 10.2.
[17] *Íd.* (Énfasis suplido).

demanda y considerarlos de la manera más favorable a la parte demandante.[18] Dentro del ejercicio de su discreción, el foro primario no deberá desestimar la demanda a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación.[19] Es decir, la desestimación procede cuando de los hechos bien alegados en la demanda no se puede identificar una relación entre los hechos alegados y el derecho sustantivo que genera la responsabilidad del demandado hacia el demandante.[20] Cónsono con lo anterior, a pesar de interpretar liberalmente la demanda, corresponde la desestimación si no hay remedio alguno disponible en nuestro estado de derecho.[21]

Por consiguiente, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida.[22]

## c.

La filiación se define como "'el estado civil de la persona, determinado por la situación que, dentro de una familia, le asigna el haber sido engendrado en ella o el estar en ella en virtud de la adopción o de otro hecho legalmente suficiente al efecto'."[23] En nuestro sistema de derecho, se ha catalogado a la figura de la filiación como una relación jurídica fundamental que depende de una serie de criterios para establecerse.[24] Entre esos, los criterios básicos son los bilógicos, pero estos no siempre entran en acción.[25]

---

[18] *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank,* 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA,* 189 DPR 1033, 1049 (2013).

[19] *Consejo de Titulares v. Gómez Estremera et al.,* 184 DPR 407, 423 (2012); *Pressure Vessels P.R. v. Empire Gas P.R.,* 137 DPR 497, 505 (1994).

[20] *Torres, Torres* v. *Serrano Torres,* 179 DPR 481, 501 (2010).

[21] *Ortiz Matías et al.* v. *Mora Development,* 187 DPR 649, 654 (2013).

[22] *Pressure Vessels P.R. v. Empire Gas P.R.,* supra, pág. 505.

[23] *RPR & BJJ, Ex parte,* 207 DPR 389, 410 (2021); *Beníquez et al. v. Vargas et al.,* 184 DPR 210, 226 (2012) que cita a *Castro v. Negrón,* 159 DPR 568, 579-580 (2003).

[24] *Castro v. Negrón,* supra, pág. 580.

[25] *Íd.*

Por ello, en nuestro ordenamiento legal, el vínculo biológico es insuficiente para que nazca el vínculo jurídico, pues es posible que éstos sean incongruentes.[26] Ante la importancia de la relación filial, el ordenamiento legal ha abierto la brecha para tratar, en lo posible, de reconciliar ambas realidades. En ese sentido, nuestro desarrollo jurisprudencial ha tenido como norte "que brille la verdad y se reconozca a todos los fines legales la relación biológica entre padres e hijos".[27]

El Artículo II, Sección 1 de la Constitución del Estado Libre Asociado de Puerto Rico, LPRA, Tomo 1, que consagra como inviolable la dignidad del ser humano, concede al hijo, como parte realmente interesada en la búsqueda y determinación de su verdadera paternidad, el derecho de impugnar su presunta filiación. Por consiguiente, un hijo puede impugnar su presunta paternidad a los fines de reclamar su verdadera filiación.[28]

El Artículo 568 del Código Civil de Puerto Rico (en adelante, Código Civil), Ley Núm. 55-2020, 31 LPRA sec. 7122, establece las presunciones de paternidad, al disponer que:

> Se presumen hijos del cónyuge de la mujer casada:
> (a) Los nacidos durante el matrimonio; y
> (b) los nacidos dentro de los trescientos (300) días siguientes a la disolución del matrimonio.
> El reconocimiento voluntario crea una presunción de paternidad a favor del reconocedor.

Por su parte, el Artículo 575 del Código Civil, 31 LPRA sec. 7129, dispone un término de caducidad para instar una acción impugnatoria de paternidad o maternidad. Ello significa que el plazo disponible no se puede interrumpir o suspender, contrario a lo que ocurre con los términos de prescripción.[29]

---

[26] *Vázquez Vélez v. Caro Moreno*, 182 DPR 803, 809-810 (2011); *Castro v. Negrón,* supra, pág. 580.
[27] *Sánchez v. Sánchez*, 154 DPR 645, 662 (2001).
[28] *Íd.,* pág. 671.
[29] *Vázquez Vélez v. Caro Moreno,* supra, pág. 813.

En particular el Artículo 575 del Código Civil, *supra,* establece que: "[l]a acción para impugnar la paternidad o la maternidad caduca al año desde que el impugnador tiene indicios o conoce hechos que crean una duda verdadera sobre la inexactitud de la filiación".

En ocasión de interpretar el plazo de caducidad dispuesto en el Artículo 117 del derogado Código Civil de 1930 (hoy Artículo 575 del Código Civil), el Tribunal Supremo expresó en *Bonilla Ramos v. Dávila Medina,* 185 DPR 667 (2012), que, transcurrido el término de caducidad que establece el Artículo 117, la acción de impugnación de paternidad habrá muerto sin que el presunto padre legal pueda ejercer acción impugnatoria alguna, independientemente de que la paternidad se haya originado bajo la presunción matrimonial o por reconocimiento voluntario. No obstante, aclaró que eso no quería decir que el hijo o la hija se vea impedido de buscar posteriormente su filiación biológica.[30]

Además, el Tribunal Supremo indicó que aun en aquellos casos donde exista evidencia fehaciente de que quien impugna no es el padre biológico la filiación no podrá ser impugnada si el término de caducidad de seis meses ya transcurrió.[31] Lo anterior, evidentemente, responde al hecho de que como es sabido los términos de caducidad son fatales. Sobre ese particular se ha dispuesto lo que sigue:

> El término concedido para interponer una acción de impugnación de filiación ya sea de paternidad o de reconocimiento, es de caducidad. (…). Ello significa que el plazo disponible no se puede interrumpir o suspender, contrario a lo que ocurre con los términos de prescripción. (…). Consecuentemente, el mero transcurso del tiempo conlleva la extinción automática del derecho a la causa de acción. (…).
>
> La razón primordial para establecer que los términos de impugnación de filiación sean de caducidad es el interés del Estado en evitar la incertidumbre en la relación

---

[30] *Bonilla Ramos v. Dávila Medina,* supra, págs. 675-676.
[31] *Íd.,* pág. 680

filiatoria y promover su estabilidad jurídica. (...). En consecución con ese mismo fin público, se han fijado unos plazos cortos de caducidad para interponer una causa de acción de impugnación de filiación. (...). Así, pues, si no se promueve la acción de impugnación de filiación dentro del periodo que establece el ordenamiento jurídico, se considera que el plazo ha caducado, lo que a su vez tiene el efecto de consolidar el *status familiae* del hijo para todos los efectos legales. (Citas omitidas).[32]

Ahora bien, el Artículo 576 del Código Civil, 31 LPRA sec. 7130, provee un plazo extendido para el hijo, al declarar que:

El hijo puede impugnar la paternidad o maternidad durante toda la vida del progenitor presunto o hasta un (1) año después de su muerte, en cuyo caso debe dirigir la acción contra los herederos.

Si el progenitor presunto muere durante la minoridad o el estado de incapacidad del hijo, el plazo de un (1) año comienza a transcurrir desde que este llegue a la mayoridad o cese la tutela.

Así, el plazo para impugnar que la ley concede a los hijos es sustancialmente más largo que la de los otros legitimados, toda vez que se extiende durante toda la vida del progenitor presunto o hasta un (1) año después de su muerte.

Por último, hay que apuntar que el Artículo 577 del Código Civil, 31 LPRA sec. 7131, regula lo concerniente a una determinación de cosa juzgada, al expresar que:

Toda disputa ulterior sobre el hecho de la paternidad o de la maternidad de una persona sobre otra es cosa juzgada:
(a) Si ha mediado una determinación de culpabilidad en un caso criminal en el que el hecho de la paternidad o de la maternidad es un elemento constitutivo del delito; o
(b) si se deniega la declaración de paternidad o de maternidad en un procedimiento judicial de naturaleza civil.

**III.**

Tratándose el presente caso de la denegatoria de una moción de carácter dispositivo, como lo es la moción de desestimación y, además, siendo este un caso de relaciones de familia, la Regla 52.1

---

[32] *Vázquez Vélez v. Caro Moreno*, supra, pág. 813.

de Procedimiento Civil, *supra*, nos faculta a revisar el dictamen recurrido. Sin embargo, ello está sujeto al ejercicio de nuestra discreción en atención a los criterios dispuestos en la Regla 40 de nuestro Reglamento, *supra.*

La contención del Sr. Flores Rupiza es que el TPI incidió al denegar su moción de desestimación. Según la normativa jurídica citada, una moción de desestimación fundamentada en el inciso (5) de la Regla 10.2 de Procedimiento Civil, *Supra,* exige al tribunal considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, las alegaciones de la demanda resultan suficientes para configurar una reclamación válida.

En la demanda presentada el 10 de abril de 2024, el Sr. Alonso González alegó que fue el 20 de abril de 2023 cuando se percató que la menor KRFE podría ser su hija biológica. Añadió que una prueba de ADN realizada de manera extrajudicial reflejó un 99.9% de compatibilidad entre él y la menor. Así, pues, la interpretación de las alegaciones de la manera más favorable al demandante es que, presentó su acción de impugnación de paternidad dentro del plazo de caducidad de un (1) año establecido en el Artículo 575 del Código Civil, *supra,* y que los hechos consignados en la demanda hacen plausible la posibilidad de controvertir la presunción de paternidad establecida mediante sentencia. De tal forma, las alegaciones de la demanda resultaban suficientes para derrotar la solicitud de desestimación incoada por el Sr. Flores Rupiza.

Además, surge del expediente ante nuestra consideración que la Defensora Judicial designada para velar por los intereses de la menor KRFE planteó su interés en que la menor conociera quién es su verdadero padre. Al así consignarlo, invocó el Artículo 576 del Código Civil, *supra,* que dispone que un hijo puede impugnar la

paternidad durante toda la vida del progenitor presunto o hasta un (1) año después de su muerte.

En fin, tras revisar el recurso, resolvemos que no existe justificación alguna para intervenir con la resolución recurrida. La determinación del TPI de negarse a desestimar la demanda resulta razonable y no denota abuso de discreción. El Sr. Flores Rupiza tampoco demostró que el TPI actuara con perjuicio o cometiera un error manifiesto en su determinación.

Cónsono con lo anterior, y en ausencia de los criterios contemplados en la Regla 40 de nuestro Reglamento, *supra,* no intervendremos con el dictamen recurrido.

**IV.**

En virtud de lo expuesto, denegamos la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Sánchez Ramos disiente, pues hubiese expedido el auto solicitado y revocado la decisión recurrida, por considerar que la doctrina de cosa juzgada impedía al demandante litigar ahora lo que pudo y debió reclamar en la acción anterior en la que fue parte demandada.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones